# LAND, et al. v STATE OF FLORIDA DEPARTMENT OF REVENUE, et al.

## Case No. 83-31781 CA 06

Eleventh Judicial Circuit, Dade County

April 30, 1986

### APPEARANCES OF COUNSEL

**Howard T. Sutter** for plaintiffs.

**Robert A. Ginsburg,** County Attorney, and **Daniel A. Weiss,** Assistant County Attorney, for defendants Property Appraiser and Tax Collector of Dade County.

**J. C. O'Steen,** Assistant Attorney General, for defendant State of Florida Department of Revenue.

### OPINION OF THE COURT

JOSEPH J. GERSTEN, Circuit Judge.

This cause came before the Court for non-jury trial on March 27, 1986. The Court heard testimony and received documentary evidence adduced by the parties and considered the oral and written arguments advanced by the parties. Upon consideration, the Court makes the following findings and conclusions:

1. This is an action contesting the 1982 ad valorem tangible personal property tax assessment of the Plaintiffs' houseboats.

2. The testimony at trial showed that the Plaintiffs' houseboats are floating barge-like entities, with accommodations built thereon, which serve as floating residences. As residences, the houseboats serve purposes typically associated with "structures or other improvements to real property", and thus, these houseboats are within the definition of "floating structures" provided by § 192.001(17), Florida Statutes. Consequently, such houseboats are expressly excluded from the definition of "vessel" provided in chapter 327, Florida Statutes.

3. Merely incidental movement upon water does not automatically entitle a floating structure to property tax exemption. If it did, such structures as floating docks and floating dredges and floating condominiums could never be subject to property tax. Nothing has been offered which would demonstrate that the framers of the Florida Constitution intended such a result when they exempted boats, "as defined by law", from property taxation. Article VII, § 1(b), Florida Constitution. In light of the foregoing findings, the statutes authorizing imposition of ad valorem tangible personal property tax upon floating structures are valid. The Court further finds that the statutes were properly applied to the Plaintiffs' houseboats.

4. The evidence wholly failed to establish the existence of any double taxation. Ad valorem taxation of the Plaintiffs' houseboats fits within the overall scheme requiring every property owner to pay a fair share of the costs of government and avoids discrimination in favor of houseboat dwellers. Thus, the imposition of tangible personal property tax on the floating residences of the Plaintiffs is not only a permissible tax, but also a tax which avoids discrimination in the overall taxing scheme.

Accordingly, it is hereby

ORDERED, ADJUDGED and DECREED that:

1. Final Judgment be and the same is hereby entered in favor of the Defendant Property Appraiser and Tax Collector of Dade County and Executive Director of the Florida Department of Revenue and against the Plaintiffs.

2. Plaintiffs take nothing by this action and Defendants go hence without day.

3. Defendants may recover their costs from Plaintiffs in amounts subsequently to be determined, pursuant to motion and notice.

4. The injunction previously entered in this cause is hereby dissolved,

and the Dade County Tax Collector is authorized without further Order of this Court to collect deficiencies in taxes with respect to the subject assessments, along with interest as provided by law.

DONE and ORDERED in Chambers, Miami, Dade County, Florida, this 30th day of April, 1986.